UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM SANFORD DUNSON, III,

    Plaintiff,

v.                                      CASE NO. 3:17-cv-532-J-34MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). On July 9, 2013, an administrative law judge ("ALJ") issued an unfavorable decision on Plaintiff's previously filed claims for DIB and SSI. (Tr. 68-76.) Plaintiff then filed a renewed application for DIB and for a period of disability on August 1, 2013. (Tr. 178-79.) On that same date, he filed his renewed application for SSI. (Tr. 180-89.) In both

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

applications, Plaintiff alleged disability as of July 10, 2013. (Tr. 13, 178-89.) These claims were denied initially and on reconsideration. Plaintiff appeared at a hearing via video conference in front of the ALJ on July 28, 2015. (Tr. 28-57.) The ALJ rendered a decision on October 5, 2015, finding Plaintiff not disabled from July 10, 2013, the alleged disability onset date, through the date of the decision. (Tr. 13-22.) Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The Court has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the undersigned respectfully recommends that the Commissioner's decision be **AFFIRMED**.

## I.   Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence

preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff argues three general points on appeal. First, Plaintiff argues the ALJ failed to fully and fairly develop the record when she failed to include all of the medical evidence from Plaintiff's prior claims of disability in the current record. Second, Plaintiff contends the ALJ failed to fully and fairly develop the record when she failed to order a consultative examination of Plaintiff. Finally, Plaintiff argues the Appeals Council ("AC") erred in failing to properly analyze new evidence submitted by Plaintiff. Specifically, Plaintiff contends that the AC failed to adequately consider a physical residual functional capacity ("RFC") questionnaire completed by treating chiropractor, Patrick Reed, D.C.

Defendant responds that the ALJ properly developed the record in this matter and that the AC properly considered the new evidence and determined that the new evidence did not provide a basis for changing the ALJ's determination that Plaintiff was not disabled.

3

### A. The ALJ's Decision and AC Review

The ALJ found that Plaintiff had the "following severe impairments: remote status post left lower extremity fracture and migraine headaches." (Tr. 15 (internal citations omitted).) The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that functionally equals the severity of the listings. (Tr. 16.) Continuing on with the evaluation, the ALJ made the following RFC determination:

> [T]he undersigned finds that the claimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with no climbing of ropes, ladders, and scaffolds and with no more than occasional stooping, crouching, crawling, kneeling, and balancing. The claimant needs to avoid exposure to hazards and avoid the use of foot pedals. He needs the ability to perform the job from either a seated or a standing position and is limited to only simple routine tasks, secondary to decreased concentration from headaches.

(*Id.*) In making this finding, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely credible for the reasons explained in the decision. (Tr. 17.) The ALJ also found the opinions of state agency reviewing physician Loc Kim Le, M.D. to be "largely consistent with a finding that [Plaintiff] is not disabled and [] supported by the objective physical findings of record, the limited course of conservative treatment, and the record as a whole." (Tr. 20.)

With the benefit of testimony from the vocational expert, the ALJ determined that Plaintiff was unable to perform any past relevant work, but was capable of performing jobs that exist in significant numbers in the national economy. (Tr. 20-22.) As such, the ALJ found that Plaintiff was not disabled during the relevant time period. (Tr. 22.)

Subsequent to the ALJ's decision, Plaintiff submitted additional evidence to the AC. The additional evidence included, *inter alia*, an RFC checklist form completed by Dr. Reed, Plaintiff's treating chiropractor, and dated October 19, 2015. (Tr. 281.) On the form, Dr. Reed checked "Yes" that Plaintiff had multiple restrictions which, if accepted, would preclude him from all work. (*Id*.) The AC acknowledged receiving the additional evidence and added the additional evidence to the record. (Tr. 1-7.) In its denial letter, the AC accepted and considered the additional evidence from Dr. Reed, but "found that th[e] information does not provide a basis for changing the [ALJ's] decision." (Tr. 2.)

### B.   The ALJ Adequately Developed the Record

Plaintiff initially argues the ALJ failed to develop the record because she failed to include all medical records from Plaintiff's prior disability claim in the current record.[2] Plaintiff argues the ALJ should have considered relevant medical evidence from his prior claim that resulted in a determination that Plaintiff had

---

[2] On July 9, 2013, a different ALJ rendered a decision finding Plaintiff not disabled from December 12, 2010 through the date of that decision. (Tr. 68-76.) It does not appear that Plaintiff appealed that decision.

5

additional severe impairments including closed head injury and right hand digit amputation, and the ALJ's failure to do so resulted in prejudice. (Doc. 14 at 8-9.) Plaintiff cites a statement from *Leonard v. Commissioner of Social Security*, 409 F. App'x 298, 300 (11th Cir. 2011), that "ALJs may consider evidence from prior hearings" as support for his proposition. (Doc. 14 at 8.) Plaintiff recognizes that the ALJ did consider medical records from the Orthopedic Clinic of Daytona Beach, but asserts it is unclear why the ALJ chose to include that evidence in the current record without including the remaining medical evidence. (*Id*. at 9.)

The undersigned agrees with the Commissioner that the ALJ adequately developed the record with respect to the prior medical evidence. First, the Eleventh Circuit's statement in *Leonard* that "ALJs *may* consider evidence from prior hearings" does not support Plaintiff's contention that the ALJ was *required* to do so here. 409 F. App'x at 300 (emphasis added). Indeed, the ALJ is not required to develop Plaintiff's medical history prior to his alleged onset date where, as here, his alleged disability began less than one (1) year before he filed his application. *See* 20 C.F.R. §§ 404.1512(d), 416.912(d) (2015) ("Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you filed your application . . . *unless you say that your disability began less than 12 months before you filed your application*.") (emphasis added). It is undisputed that Plaintiff's disability claim was denied on July 9, 2013 and, on August 1, 2013,

6

Plaintiff filed his renewed disability applications, alleging a July 10, 2013 onset date. (Tr. 13, 76, 178-89.) As such, there was no reason for the ALJ to develop the record prior to July 2013 and Plaintiff does not dispute that the record includes all medical evidence dated after his alleged onset date. *See* 20 C.F.R. §§ 404.1512(d)(2), 416.912(d)(2) (2015) ("If you say that your disability began less than 12 months before you filed your application, we will develop your complete medical history beginning with the month you say your disability began unless we have reason to believe your disability began earlier.").

Moreover, because final disability determinations are considered *res judicata*, the ALJ had no duty to incorporate evidence into the record that the Commissioner evaluated in connection with the prior disability determination. *See, e.g.*, *Baxley v. Colvin*, No. 5:12-cv-69/EMT, 2013 WL 3107968, at *6-7 (N.D. Fla. June 17, 2013) (holding that the ALJ was not required to address a doctor's opinion provided in connection with the plaintiff's prior, unsuccessful application for benefits because *res judicata* applied to the period when the opinion was provided). It is also clear that Plaintiff "bears the burden of proving that he is disabled, and consequently, he is responsible for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Here, Plaintiff was aware that the ALJ did not intend to include all medical evidence from his prior disability claim in the current record. (Tr. 30 ("Although all of [the prior medical records] haven't been exhibited, we do have the Othopaedic Clinic

of Daytona Beach exhibited."), 238-39 (providing Plaintiff with a list of proposed exhibits prior to the hearing and reminding Plaintiff it is his responsibility to provide medical evidence).) Nevertheless, neither Plaintiff nor his attorney requested the ALJ to include the prior medical evidence in the current record, or objected to the record as presented at the hearing.[3]

Finally, Plaintiff failed to show any prejudice has resulted from the ALJ's failure to include the prior evidence in the current record. *See, e.g., George v. Astrue*, 338 F. App'x 803, 805 (11th Cir. 2009) ("[W]e have indicated that 'there must be a showing of prejudice before we will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record.'") (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). Plaintiff failed to adequately explain how specific missing medical records would relate to the relevant disability period at issue, *George*, 338 F. App'x at 805 (finding that no prejudice occurred where the claimant did not explain how the missing records would have been pertinent to the ALJ's decision), and failed to support his conclusory assertion that evidence considered in a prior, unfavorable decision would support a disability finding here.

---

[3] Plaintiff asserts it is unclear why the ALJ would include the records from the Orthopaedic Clinic of Daytona Beach in the current record but not other records. As noted by the Commissioner, however, the prior ALJ considered Orthopaedic Clinic of Daytona Beach records only through May 26, 2011 (Tr. 79), whereas the records exhibited in the current matter are dated through March 5, 2012 (*id.*). (Doc. 15 at 9 n.4.)

Plaintiff next argues that the ALJ failed to develop the record by failing to obtain a physical consultative examination. The undersigned disagrees. An ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (citation omitted).

Here, the record contained sufficient evidence for the ALJ to make an informed decision. The ALJ determined that Plaintiff was limited to a reduced range of light work after considering the entire record, including, but not limited to, the opinions of a state agency consultant, Dr. Kim Loc Le, who opined Plaintiff could perform a reduced range of light work. (Tr. 94-96.) Additionally, the ALJ considered Plaintiff's own testimony that he could lift twenty (20) to thirty (30) pounds (Tr. 35); evidence that Plaintiff participated in daily activities including cooking, washing the dishes, walking inside the grocery store, and emptying the trash (Tr. 35-36, 40); and evidence that Plaintiff engaged in other activities such as saltwater fishing (Tr. 39), working with plywood (Tr. 279), and going on a cruise (Tr. 280). The ALJ also noted a large gap in treatment history from July 10, 2013 through January 21, 2015.[4] (Tr. 42, 279.) The ALJ further considered Plaintiff's chiropractic treatment beginning in January 2015, but noted the

---

[4] Although Plaintiff alleged that his failure to obtain treatment resulted from financial difficulties, the ALJ addressed this point in her decision. The ALJ explained that no evidence suggested Plaintiff even attempted to obtain treatment during this time and that Plaintiff eventually did receive chiropractic care with financial assistance from a friend. (Tr. 19, 37-38.)

9

conservative measures used to treat Plaintiff's condition (Tr. 38, 42-43, 278-80); an unremarkable January 2015 examination (Tr. 278); statements by Plaintiff that he was "doing better" and feeling "pretty good" during follow-up chiropractic appointments through June 2015 (Tr. 279-80); and a prescription of a shoe lift that addressed Plaintiff's leg-length discrepancy (and associated back pain) that "definitely help[ed] with walking" (Tr. 280; *see also* Tr. 47, 261).[5]  The ALJ adequately developed the record in this matter.

### C.   The AC Properly Evaluated the New Evidence

Plaintiff asserts that the AC erred in failing to thoroughly analyze the physical RFC questionnaire completed by Dr. Reed.  Again, the undersigned disagrees.  The AC is not required to "give a detailed rationale for why each piece of new evidence submitted to it does not change the ALJ's decision."  *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 784 (11th Cir. 2014); *see also Ingram*, 496 F.3d at 1261-62; *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 903 (11th Cir. 2011); *Mansfield v. Astrue*, 395 F. App'x 528, 530 (11th Cir. 2010); *Barclay v. Comm'r of Soc. Sec.*, 274 F. App'x 738, 743 (11th Cir. 2008).  Here, the AC stated that it "considered . . . the additional evidence listed on the enclosed Order

---

[5] Plaintiff again failed to show prejudice from the ALJ's alleged failure to develop the record by obtaining a consultative examination.  Plaintiff merely speculates that a consultative examination would reveal limitations greater than those the ALJ assessed.  *See Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir. 1982) (explaining that mere speculation is insufficient to show prejudice).

of [AC]" and specified the evidence that it reviewed. (Tr. 2, 5-6.) The AC specifically stated that it considered the questionnaire and "found that th[e] information does not provide a basis for changing the [ALJ's] decision." (Tr. 2.) The AC was not required to provide a further explanation. *See, e.g., Smith ex rel. S.N.S. v. Colvin*, No. 8:13-cv-2531-T-TGW, 2015 WL 1423111, at *9 (M.D. Fla. Mar. 27, 2015).

"When a claimant properly presents new evidence to the AC and it denies review, [the reviewing court] consider[s] the claimant's evidence anew to determine whether 'that new evidence renders the denial of benefits erroneous.'" *Burgin*, 420 F. App'x at 903 (quoting *Ingram*, 496 F.3d at 1262). In other words, Plaintiff "must show (1) that the evidence relates to the period on, or before, the date of the [ALJ's] decision; (2) that the evidence is new; (3) that the evidence is material; and (4) that the [AC] erred in deciding that the [ALJ's] findings were not contrary to the weight of all the evidence." *Smith ex rel. S.N.S.*, 2015 WL 1423111, at *10. Assuming that the first three elements have been met, Plaintiff has not shown that the AC erred in deciding that the ALJ's findings were not contrary to the weight of all the evidence.

The physical RFC questionnaire completed by Dr. Reed, Plaintiff's treating chiropractor, does not demonstrate that the ALJ's denial of benefits was erroneous. As noted by the Commissioner, Dr. Reed is not an "acceptable

11

medical source" under the regulations, 20 C.F.R. §§ 404.1513(d)(1) (2015), 416.913(d)(1) (2015), and cannot render a "medical opinion."[6] 20 C.F.R. §§ 404.1527(a), 416.927(a) (defining "medical opinions" as "statements from *acceptable medical sources* that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite your impairment(s), and your physical or mental restrictions") (emphasis added). As such, the questionnaire cannot be used to show the existence of an impairment. *See, e.g., Lupardus v. Comm'r of Soc. Sec.*, 705 F. App'x 942, 948 (11th Cir. 2017) (holding that the AC did not err in failing to properly consider a vocational services evaluation rendering impairments and noting that the vocational evaluator did not constitute an acceptable medical source and, therefore, his opinion could not be used to show the existence of an impairment). Nevertheless, evidence from "other sources" like Dr. Reed may be used to show the severity of impairments and how they affect the ability to work. 20 C.F.R. §§ 404.1513(d)(1) (2015), 416.913(d)(1) (2015). Even so, the questionnaire does not provide a basis for changing the ALJ's decision.

As an initial matter, Dr. Reed's opinions, contained on a one-page, check-

---

[6] The Court notes that although the regulations have since changed, at the time when the ALJ made his decision, a chiropractor was not considered an acceptable medical source. 20 C.F.R. §§ 404.1513(d) (2015), 416.913(d)(2015).

box form questionnaire, are conclusory and without explanation as to Dr. Reed's bases for such opinions.  *See, e.g., Burgin*, 420 F. App'x at 903 ("[T]he AC was free to give little weight to the conclusory assertions contained in the questionnaires because they merely consisted of items checked on a survey, with no supporting explanations.") (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)).  Moreover, although Dr. Reed treated Plaintiff until January 2011, it does not appear he resumed treating Plaintiff until January 21, 2015.  (Tr. 278-79.)  As such, no medical records support Dr. Reed's opinions from July 10, 2013, the alleged onset date, through January 21, 2015.  As noted by the ALJ, even Dr. Reed's January 2015 chiropractic examination failed to reveal medical signs or laboratory findings that would support the degree of restrictions he assessed.  (*See* Tr. 17-18, 278 (finding that Plaintiff had a fused ankle with a lack of motion, but otherwise had full (5/5) strength and intact sensation and no observed tenderness, muscle spasms, radiculopathy, or reduced range of motion in his back); *see also* Tr. 38, 42-43, 278-80 (showing conservative chiropractic adjustment therapy with no prescription medication, physical therapy, specialist referrals, injection therapy or recommendation for surgery).)

      Finally, the ultimate responsibility for reviewing the medical evidence and assessing Plaintiff's RFC rests with the ALJ.  As such, it is not necessary that the ALJ's determination of Plaintiff's RFC "match" the opinions of a medical source.

*See Castle v. Colvin*, 557 F. App'x 849, 843 (11th Cir. 2014) (noting that an ALJ does not "play doctor" when he determines RFC without the benefit of a medical opinion); *Kopke v. Astrue*, Case No.: 8:11-cv-1197-T-30TGW, 2012 WL 4903470, at *5 (M.D. Fla. Sept. 26, 2012) ("If the plaintiff is arguing that the [ALJ's] determination of the plaintiff's [RFC] must 'match' the opinions of a medical source, that contention is unpersuasive, as the responsibility for assessing the plaintiff's [RFC] rests with the [ALJ]."), report and recommendation adopted in 2012 WL 4867423 (Oct. 15, 2012). Here, the ALJ determined that Plaintiff had the RFC to perform light work with limitations. (Tr. 16.) In making this determination, the ALJ thoroughly considered the evidence and discussed the evidence supporting her RFC determination. The ALJ found Dr. Le's opinions to be largely consistent with the finding that Plaintiff is not disabled, as well as the objective physical findings. (Tr. 20.) The ALJ also discussed Plaintiff's own testimony (Tr. 17-19), evidence of Plaintiff's daily activities (Tr. 19), the treatment gap (*id.*), the conservative treatment history (Tr. 18), and evidence of Plaintiff's improvement (Tr. 47, 261, 279-80). Substantial evidence supports the ALJ's determination in this regard.

### III.   Conclusion

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ. Thus, the question is not

whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence. Based on this standard of review, the undersigned affirms the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Commissioner's decision be **AFFIRMED**.

2. The Clerk of Court be directed to enter judgment accordingly and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on April 17, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record